24692. JONES et al. v. JONES.

ARGUED JUNE 10, 1968—DECIDED JUNE 20, 1968.

*Ralph R. Cadle, Olon E. Scott,* for appellants.

*Vaughn & Barksdale, A. R. Barksdale, Joe H. Bynum, Jr.,* for appellee.

GRICE, Justice. This appeal involves the dismissal of a complaint relating to the estate of a decedent. The complaint was filed in the Superior Court of Rockdale County by the decedent's former wife Gladys L. Jones and two of their children, against his widow Julia Threatte Hightower Jones. Its allegations, insofar as necessary to recite here, are substantially those which follow.

The former wife is the holder of an alimony judgment which is in default.

The widow has taken all the property of the estate by fraud and deceit, coupled with errors and mistakes, in connection with a document purporting to be a will of the decedent, an application for temporary letters of administration on his estate and a proceeding for year's support. The widow is thereby holding such property as constructive or resulting trustee of the decedent on behalf of the heirs and claimants of the estate.

These documents, together with an approved administrator's bond, were filed with the court of ordinary of the county. The purported will has not been probated, and is being by-passed. The application for letters of temporary administration has not been acted upon and is dormant. The year's support petition claimed almost all of the property for the widow, barred claims of the plaintiffs and rendered the estate insolvent.

The widow used a copy of said will to withdraw a sum of money due the decedent rather than include it as part of the estate.

She claimed and was awarded all property of the estate as a year's support for herself. By said act she has defrauded and

cheated heirs and claimants of their rightful share of the property, although the decedent had with his employer a life insurance policy and salary in stated amounts payable to her as his widow. The year's support thus set apart was greatly in excess of her station in life and needs.

The will filed with the court of ordinary was not the will of the decedent, or the one read by interested parties shortly after his death and understood to be his will. The will filed with the court of ordinary does not provide for his two sisters who nursed him in his last illness, and it incorrectly recites that he had already taken care of his children, two of the plaintiffs. The will which the interested parties had agreed to probate would distribute the property for the good of all concerned.

Plaintiffs have no adequate remedy at law and will suffer irreparable damage unless the entire property of the estate is administered according to the will of the deceased or, in its absence, according to the laws of this state in respect to claims and interests of his heirs at law. The estate may be administered under the letters of temporary administration and bond, pending location of the true will or its reconstruction from memory or copy if such exists.

Plaintiffs are residents of another county and had no knowledge of the application for year's support, and the widow deliberately refused and failed to notify them of that action.

They have incurred considerable expense, including attorney's fees, and loss due to said fraud and mistake.

Prayers of the petition were for the widow to show cause as follows: why the will of the decedent should not be probated in the court of ordinary; why the bond filed there should not be activated to cover the entire estate; why a receiver should not be appointed to marshal all property of the decedent; why the year's support judgment of the court of ordinary, awarding property in a specified amount, should not be determined excessive, unreasonable, and an act of fraud and travesty to the exclusion of other claimants and heirs; why certain funds and all other property should not be included as part of the decedent's estate or accounted for; why other relief should not be granted as would best serve to show the entire estate of the decedent, to-

gether with his debts and all claimants and heirs of interest at his death; and why plaintiffs should not recover all costs or expenses, including reasonable attorney's fees, incurred hereby.

As we view the complaint it was properly dismissed upon the defendant's motion.

Adequate remedies were available to the plaintiffs in the court of ordinary, with appeal to the superior court.

Insofar as probate of the decedent's will is concerned, the court of ordinary had full and exclusive original jurisdiction. If the document on file there was entitled to probate, that court could have so determined. If not, and if the actual will is lost or is being withheld from probate, procedures of that court were ample and available. Appeal from any judgment rendered by that court could have been taken to the superior court. However, the superior court has no original jurisdiction of any of these matters.

As to activating the bond on file, this is also within the exclusive original jurisdiction of the court of ordinary. No facts are alleged to show that this phase of the administration of the estate could not have been adequately carried out there.

Likewise, there is no showing that the procedures of the court of ordinary relative to the recovery and preservation of assets of the estate by the duly constituted personal representative were not adequate. Therefore it is not necessary for the superior court to appoint a receiver to marshal property or for it to determine whether certain funds and all other property were included in the estate.

Furthermore, the issue as to whether the amount of property set apart in the year's support proceeding in the court of ordinary was excessive could have been the subject matter of an appeal from that judgment to the superior court. The complaint now under review fails to allege any facts as to fraud in the procurement of that judgment. It is not alleged that either of the plaintiff children was a minor so as to be entitled to participate. Neither is it alleged that citation was not run. Also, the plaintiffs do not pray that this judgment be set aside. Actually, from what is alleged and prayed for, plaintiffs desire that the superior court, in this original proceeding, determine that the

award was excessive—which it could have considered on an appeal from the court of ordinary.

Finally, it follows that the plaintiffs cannot obtain general relief or recover costs or expenses incurred for the instant suit which they brought in the superior court.

For the above reasons the judgment dismissing the complaint is

*Affirmed. All the Justices concur.*